UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BBVA COMPASS FINANCIAL CORPORATION,<br><br>    Defendant. | No.  2:14-cv-2416-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Following an Americans with Disabilities Act ("ADA") lawsuit by Plaintiff Scott Johnson ("Plaintiff"), Defendant BBVA Compass Financial Corporation ("Defendant") completely repaired the accessibility barriers at its Stockton bank.  Because there is no further injunctive relief available to Plaintiff under federal law, the ADA claim is moot and the Court dismisses all remaining claims for want of jurisdiction.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 22, 2016.

1

1              I.    FACTUAL AND PROCEDURAL BACKGROUND

2        Plaintiff suffers from quadriplegia and manual dexterity
3   impairments.  Johnson Decl. ¶ 2.  He uses a wheelchair for
4   mobility.  Id.  Plaintiff went to Defendant's bank on August 7
5   and 8, 2014 when he "had reason to get [] quarters[.]"  Johnson
6   Decl. ¶¶ 4, 13.  Plaintiff states that he encountered barriers in
7   the parking lot and at the entrance doors.  He specifically
8   identified that the parking lot did not have a wheelchair logo,
9   "NO PARKING" lettering, a blue perimeter boundary line, or a sign
10  warning of a $250 fine, and that the entry doors did not have
11  appropriate door hardware nor adequate clearance space due to a
12  planter.  Johnson Decl. ¶¶ 5-12.

13       In October 2014, Plaintiff sued Defendant in this Court
14  alleging violations of the ADA and California state law (Doc.
15  #1).  Within the next year, Defendant had made alterations to its
16  property.  See Layman Decl. ¶¶ 3, 10-15.  The parties agree that
17  these alterations completely resolved the accessibility issues.
18  See Plaintiff's Response to Defendant's Statement of Facts ¶¶ 10-
19  15.

20       Defendant now moves for summary judgment, arguing that the
21  ADA claim is moot (Doc. #13).  Plaintiff opposes the motion (Doc.
22  #15) and also filed a cross-motion for summary judgment on
23  injunctive relief and damages (Doc. #14).  Defendant opposes the
24  cross-motion (Doc. #20).[2]

25  ///

26

---

27  [2] Because the Court dismisses this case on mootness grounds, the
    Court does not reach the issues raised in Plaintiff's motion for
28  summary judgment.

## II.  OPINION

### A.  Legal Standard

"Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot[.]"  Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003) (citation and quotation marks omitted).  The question of mootness turns on whether changes in circumstances since Plaintiff filed suit have "forestalled any meaningful relief."  Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 860 (N.D. Cal. 2011) (citing West v. Sec'y of Dep't of Transportation, 206 F.3d 920, 925 (9th Cir. 2000)).

### B.  Analysis

#### 1.  ADA Claim

Defendant argues that repairing all the identified barriers moots Plaintiff's ADA claim, rendering the Court without jurisdiction.  Defendant's Mot. at 1-2.  Plaintiff agrees that the barriers have in fact been repaired, but contends that injunctive relief is still available because the violations "can easily recur."  Plaintiff's Opp. at 5.

The Court rejects Plaintiff's argument, because there is "no evidence or any reason to suggest that Defendant will revert back to non-compliance[.]"  Kohler v. Bed Bath & Beyond of California, LLC, 2012 WL 3018320, at *4 (C.D. Cal. July 23, 2012) aff'd, 778 F.3d 827 (9th Cir. 2015) and aff'd, 780 F.3d 1260 (9th Cir. 2015) (citing Friends of the Earth v. Laidlaw Envtl. Servs., 528 U.S. 167, 170 (2000)).  Defendant dutifully repaired the barriers after this suit brought them to its attention.  And reverting to non-compliance would be "illogical [], because doing so would actually cost Defendant more than maintaining compliance."

Kohler v. In-N-Out Burgers, 2013 WL 5315443, at *7 (C.D. Cal. Sept. 12, 2013) (citation and quotation marks omitted).

Plaintiff nonetheless contends that two cases with "almost identical facts" should compel the Court to retain jurisdiction. See Plaintiff's Opp. at 7-9. The Court disagrees and finds those cases distinguishable, because in both cases the record contained evidence that the defendant was in fact likely to lapse in their ADA compliance duties. That is, the defendants in those cases had a history of reverting to noncompliance and their existing policies for maintaining compliance were demonstrably inadequate. See Lozano v. C.A. Martinez Family Ltd. P'ship, 2015 WL 5227869, at *3 (S.D. Cal. Sept. 8, 2015) (defendant had been previously sued for ADA violations, repaired the barriers, then let the repairs lapse, and defendant's policy had failed to maintain compliance in the past); Moeller, 816 F. Supp. 2d at 860-61 (extensive evidence "demonstrate[d] that [the defendant was] not [] following its own [disability] access policies, and had a history of not doing so" and had a history of repeated violations).

Here, in contrast, there is no evidence that Defendant will let the repairs lapse or otherwise change the conditions at its bank to make it noncompliant. There is no evidence that Defendant has a history of recurring violations or that it is unwilling or unable to maintain the current state of the property. Even Plaintiff acknowledged that Defendant "take[s] its obligations [under the ADA] seriously[.]" Plaintiff's Opp. at 1. The Court is therefore persuaded that Plaintiff cannot obtain any meaningful injunctive relief in this action. The ADA

cause of action is moot, and the Court must accordingly dismiss it.

### 2. State Law Claims

The parties apparently agree that the only basis for federal jurisdiction over Plaintiff's state claims was supplemental jurisdiction derived from the ADA cause of action. Now that the Court has dismissed the ADA claim as moot, the "primary responsibility for developing and applying state law belongs to the state courts." Kohler, 2013 WL 5315443, at *8. The Court therefore declines to exercise supplemental jurisdiction over these claims in the interest of comity and fairness.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's motion for summary judgment. Each of Plaintiff's claims is hereby DISMISSED. Plaintiff's motion is DENIED as the Court lacks jurisdiction.

IT IS SO ORDERED.

Dated: March 24, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE